UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Darryl Allmond,

    Plaintiff,

vs.                                               Case No.  3:06-cv-789-J-25MCR

City of Jacksonville; J.V. Lee; B.C. Ellis; E.S.
Crance; Michael Pavese; and John and Jane
Does; individual and official capacity,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's pro se Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which the Court construes as a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. §1915(a)(1).

### I. **BACKGROUND**

On September 5, 2006, Plaintiff filed a Complaint alleging constitutional violations by the City of Jacksonville and several employees of the Jacksonville Sheriff's Office. (Doc. 1). Plaintiff has actually attempted to raise these same claims in two previous law suits: Allmond v. Glover et al 3:05-cv-287-J-25MMH and Allmond v. Jacksonville Internal Affairs Dept. et al 3:05-cv-441-J-25MMH. Both of these earlier cases were dismissed without prejudice.[1] Plaintiff also requested permission to proceed in forma pauperis by filing an Affidavit of Indigency. (Doc. 2).

---

[1] As a dismissal without prejudice is not an adjudication on the merits, the doctrine of res judicata will not bar the instant suit. Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003).

## II.  ANALYSIS

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. §1915(a)(1).   However, when an application to proceed in forma pauperis is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2).

An in forma pauperis complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989).  The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief maybe granted."  28 U.S.C. §1915(e)(2)(B)(ii).  "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  However, a court should not dismiss pursuant to §1915 for failure to state a claim without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

In reviewing the Complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

In this case, Plaintiff claims Defendants violated his constitutional rights by falsely arresting him, discriminating against him, depriving him the right to enter a public building and denying him access to a police report. (Doc. 1). Specifically, Plaintiff claims he was falsely arrested on March 29, 2005 and subjected to an illegal search and seizure on that date. (Doc. 1, p.8). Apparently, Plaintiff was present at an apartment complex where he used to live. The landlord called the police and stated Plaintiff was trespassing because he had been evicted. The police arrived, arrested Plaintiff, searched his pockets and removed several items (keys, wallet and knife) and gave him a notice of trespass. In the notice of trespass, the officer noted Plaintiff had "nasty dreads."[2] (Doc. 1, Ex. A). Finally, Plaintiff claims that on August 17, 2005, he was denied access to the Police Memorial Building where he went to obtain some public records.

The Complaint alleges the Defendants violated Plaintiff's civil rights under the First, Fourth, Fifth and Fourteenth Amendments of the Constitution as well as the "Sunshine Law" of Florida through: (1) willful negligence, (2) perjury, (3) defamation, (4) indivious [sic] discrimination, (5) abuse of power, and (6) conspiracy. Although the

---

[2] Plaintiff alleges this is discrimination in violation of 42 U.S.C. § 1981.

Complaint does not specifically reference 42 U.S.C. §1983, the Court assumes this is the avenue by which he seeks to state his claims. A plaintiff may have a cause of action under 42 U.S.C. §1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. §1983. Thus, to state a claim for relief under §1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988).

Many of the claims on the face of the Complaint do not rise to the level of constitutional violations under Section 1983. Specifically, Plaintiff's claims of negligence, perjury and defamation are not constitutional violations. On the other hand, Plaintiff's remaining claims involve his allegations that his due process rights were violated during the arrest and such claims do rise to the level of constitutional violations. Nevertheless, Plaintiff has failed to allege either an official city policy or a widespread custom or practice which caused his injury. As such, Plaintiff's claims against the City and the officer's in their official capacity are deficient. See Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000); Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). The Court will, however, permit Plaintiff an

opportunity to file an amended complaint.  In the amended complaint, Plaintiff must identify either an official policy or a widespread custom or practice by the city that caused his injury.  Without such an allegation, Plaintiff will not be permitted to bring an action against the City or the officer's in their official capacity.

With respect to Plaintiff's racial discrimination claim, section 1981 provides in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §1981.  To state a claim under §1981, Plaintiff must allege facts showing (1) he is a member of a racial minority; (2) the defendants had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.  Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1270 (11th Cir. 2004) (citing, Rutstein v. Avis Rent-A-Car Systems, Inc., 211 F.3d 1228, 1235 (11th Cir. 2000)).  Here, Plaintiff alleges he is a black male and that defendants Crance and Pavese discriminated against him, however, Plaintiff does not allege the defendants intended to discriminate against him on account of his race nor does he allege that the discrimination concerned any of the activities listed in the statute.  As noted above, Plaintiff will be given an opportunity to file an amended complaint.  If Plaintiff cannot show that he was deprived the ability to either: make or enforce contracts, sue or be sued, or give evidence (Baker v. McDonald's Corp., 686 F. Supp.

1474, 1481 (S.D. Fla. 1987)), Plaintiff should refrain from including a discrimination claim in his amended complaint.

Additionally, in filing the amended complaint, Plaintiff should not utilize the Civil Rights Complaint form he used for the original complaint as Plaintiff is not a prisoner. Rather, Plaintiff should file his amended complaint on its own.  In order to assist him in drafting the amended complaint, the Clerk is directed to furnish Plaintiff with a Step-By-Step Guide to Filing a Civil Action in the United States District Court Jacksonville/Ocala Divisions. Plaintiff may also wish to obtain a copy of the Court's Local Rules which are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov or may be obtained from the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff shall file an amended complaint no later than **Friday, October 13, 2006**. In the meantime, the request to proceed in forma pauperis will be taken under advisement.  Failure to file an amended complaint will result in the undersigned entering a report and recommendation to the District Judge to deny Plaintiff's request to proceed in forma pauperis.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of September, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Plaintiff